

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 25, 1954

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-130

Re: Authority to refund monies under Article
4388, V.C.S., when the monies were paid
to the State pursuant to the protest statute,
Article 7057b, V.C.S., and the protesting
taxpayer failed to observe the require-
ments of the protest statute.

Dear Mr. Calvert:

You have requested an opinion of this office, and the writer has restated the facts and the question, as he knows them to exist, as follows:

> The Coleman Gas Company made protest tax pay-
> ments to the Comptroller of Public Accounts under the now
> unconstitutional "gas gathering tax." (Article 7057f, Ver-
> non's Civil Statutes) The monies collected were placed
> by the Comptroller in the "suspense account." The gas
> company properly instituted the suit within ninety days
> after the protest payment; however, two subsequent tax
> payments were not properly set up by amendment to the
> petition. The gas company, recognizing it could not re-
> cover these payments pursuant to the protest statute,
> dismissed its suit as to these two subsequent tax pay-
> ments and requested the Comptroller to refund these
> monies by virtue of the provisions of Article 4388, V.C.S.
> All the monies paid under protest have remained in the
> "suspense account."

The question is whether a taxpayer initially pursuing his remedy under Article 7057b, V.C.S., may abandon such a suit and seek to have the tax payments refunded by virtue of Article 4388, V.C.S.

We are of the opinion that once the taxpayer abandons its rights under Article 7057b, the tax monies in the suspense account be-come subject to the discretionary action of the Comptroller of Public Accounts to determine the monies' status. Therefore, should the Comptroller determine that the monies do not belong to the State a re-fund should be made to the proper party as authorized by Article 4388.

There exists only one "suspense account" administered by the Treasury Department. Tax funds are deposited into this account for one of two reasons: (1) either the funds were paid under the protest statute and are required by law to be placed in suspense, or (2) the head of the collecting department cannot determine the status of funds paid without protest to the State.

Article 4388 permits State departments to deposit collected monies of undetermined status into the suspense account. Upon the determination of the status of these monies by the department head, the portion belonging to the State is deposited into the Treasury and the balance is refunded to the proper party.

The protest statute (Article 7057b), enacted subsequent to Article 4388, permits a protesting taxpayer the right to institute suit against the State; it requires that the tax monies be placed in the suspense account and should the protesting taxpayer prevail the monies must be refunded. Section 7 of Article 7057b reads as follows:

"The provisions of this law shall be cumulative of all laws relating to the payments of taxes or fees of undetermined status and for the holding thereof in the suspense account fund of the State Treasurer."

The above quoted language reveals that the protest statute does not preclude the relief to which the taxpayer might be entitled under Article 4388.

## SUMMARY

Upon abandonment of a suit instituted under Article 7057b, V.C.S., thereby withdrawing from the Court's jurisdiction the authority to determine the status of the tax monies paid under protest, the taxpayer may have a refund of monies in the "suspense account" of the State Treasurer, upon a determination by the Comptroller that the monies do not belong to the State.

APPROVED:

L. P. Lollar
Taxation Division

John Atchison
Reviewer

J. A. Amis, Jr.
Reviewer

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By

William W. Guild
Assistant